UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS BURTON, JR., | Case No. 10-14085 |
| Plaintiff, | David M. Lawson |
| vs. | United States District Judge |
| DTE COKE OPERATIONS, LLC, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |

# REPORT AND RECOMMENDATION
# DEFENDANT'S MOTION TO DISMISS (Dkt. 7)

**I.   PROCEDURAL HISTORY**

Plaintiff filed his Title VII complaint against defendant claiming that he was discharged from his employment based on his race on October 12, 2010. (Dkt. 1). This matter was referred to the undersigned for all pretrial proceedings by District Judge David M. Lawson on October 14, 2010. (Dkt. 4).

On December 3, 2010, defendant filed a motion to dismiss plaintiff's complaint because it failed to state a claim and because it was untimely filed outside the 90 period from the date plaintiff received his right to sue letter from the Equal Employment Opportunity Commission (EEOC). (Dkt. 7). Plaintiff filed a response on January 3, 2011 stating that he stated a claim as shown in his complaint and the exhibits attached and simply stating that his complaint was not

untimely. (Dkt. 10).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

## II. ANALYSIS AND CONCLUSION

Under Title VII, an employment discrimination suit must be filed within 90 days of the plaintiff's receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to bring suit within the proscribed 90 day period is grounds for dismissal, absent a showing that the late filing is subject to waiver, estoppel, or equitable tolling. *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *McKibben v. Hamilton County,* 2000 WL 761879, at *3 (6th Cir. 2000) (Failure to bring suit within the ninety-day limit is grounds for dismissal of the action.). Federal courts have strictly enforced Title VII's 90 day statutory limit. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000); *Williams v. Sears, Roebuck & Co.*, 143 F.Supp.2d 941, 944 (W.D. Tenn. 2001). The Supreme Court has made clear that Title VII's procedural requirements, including the 90 day limitations period, "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (*per curiam*). Strict enforcement of the limitations period is favored by the courts because, "experience teaches that strict adherence to the

procedural requirements is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Additionally, dismissal of a complaint filed after 90 days of receiving the EEOC's "Notice to Sue" is appropriate even where a plaintiff proceeds *pro se* because the plaintiff still has "a responsibility to meet the requirements of the law." *Stewart v. Columbus Southern Power*, 2010 WL 2667375, *4 (S.D. Ohio 2010), quoting, *Lomar v. Sears, Roebuck & Co.*, 2000 WL 1888715, at *6 (6th Cir. 2000); *see also Okparaocha v. Lazarus, Inc.*, 1997 WL 668954, at *2 (6th Cir. 1997) (holding that "[e]ven though [the plaintiff] sued *pro se*, he must satisfy applicable rules and deadlines.").

Here, plaintiff states in his complaint that he received the right to sue letter from the EEOC on July 12, 2010. (Dkt. 1). For plaintiff's complaint to be timely, it was required to be filed by October 11, 2010.[1] Plaintiff filed his complaint on October 12, 2010, one day late. Courts normally hold a plaintiff to the facts stated in the complaint, however, courts have deviated from this strict rule in cases where a pro se plaintiff has mistakenly recited the date that she received an EEOC right to sue letter. *Adams v. Bridgewater Interiors*, 2007 WL 2984006, *2 (E.D. Mich. 2007), citing, *Hare v. Edison Schs.*, 2006 WL 2546508 (W.D. N.Y. 2006); *Grifin*

---

[1] The 90th day actually falls on October 10, 2010, however, because that day is a Sunday, arguably, plaintiff could have filed his complaint on October 11, 2010 and still have been timely. *See e.g.*, *Flowers v. TRW Inc.*, 680 F.Supp. 279 (N.D. Ohio 1987).

*v. TNT Int'l Express*, 2006 WL 3755180 (S.D. N.Y. 2006). In this case, plaintiff plainly states in his complaint that he received the right to sue letter from the EEOC on July 12, 2010. (Dkt. 1, p. 3, ¶ 7). In his response to the motion to dismiss, plaintiff does not claim that this allegation was an error, or offer any other explanation or evidence to justify the application of waiver, estoppel, or equitable tolling. Rather, he states only that "[m]y claim was not filed untimely." (Dkt. 10, p. 2). As many courts have held, "Title VII's [90] day period applies to *pro se* plaintiffs, and even one day's delay is fatal to a claim." *Williams v. Sear, Roebuck & Co.*, 143 F.Supp.2d 941 (W.D. Tenn. 2001), citing, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. at 150; *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D. Ill. 1996) (dismissing *pro se* plaintiff's Title VII claim filed 91 days after receipt of right to sue letter). The undersigned can find no principled basis to allow plaintiff's untimely claim to go forward and concludes that dismissal is appropriate.[2]

---

[2] Given this conclusion, the alternate basis for defendant's motion to dismiss – the failure to state a claim on which relief can be granted – need not be addressed.

## III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date:  June 27, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on June 27, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Adam S. Forman and Irene B. Hathaway, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Curtis Burton, Jr., 12871 Conway, Detroit, MI 48217.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov