UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS BURTON, JR.,

                    Plaintiff,

                                                    Case Number 10-14085
v.                                                  Honorable David M. Lawson
                                                    Magistrate Judge Michael J. Hluchaniuk

DTE COKE OPERATIONS, LLC,

                    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO SET ASIDE, GRANTING DEFENDANT'S MOTIONS TO DISMISS, AND DISMISSING COMPLAINT

This case is before the Court on the a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that the defendant's motion to dismiss the complaint as untimely should be granted, and the *pro se* plaintiff's motion to set aside that report and recommendation, which the Court construes as the plaintiff's timely objections. *See* 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d). The plaintiff's complaint alleges that the defendant terminated his employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The Court entered an order referring the case to Judge Hluchaniuk to conduct all pretrial matters, after which the defendant filed its motion. Judge Hluchaniuk filed his report on June 27, 2011. The plaintiff timely filed his motion (objections). After reviewing the submissions and conducting a *de novo* review of the motions, responses, and report of the magistrate judge, and objections, the Court agrees that the defendant's motion should be granted and the plaintiff's complaint dismissed as untimely.

I.

As the magistrate judge explained, the plaintiff filed a complaint with the Equal Employment Opportunity Commission before filing the present complaint and admits that he received his right to sue letter on July 12, 2010. The plaintiff then had 90 days in which to file the present complaint. The magistrate judge notes that this period expired on October 10, 2010, a Sunday, but that Federal Rule of Civil Procedure 6(a)(1)(C) operated to extend the filing period until the next business day, October 11, 2010. However, the plaintiff did not file his *pro se* complaint until October 12, 2010, one day after the 90-day filing period ended. The defendant raised this point in its motion to dismiss, which it filed on December 3, 2010, and also argued that the plaintiff had failed to state a claim for which relief could be granted.

The magistrate judge ordered the plaintiff to file a response to the defendant's motion by December 27, 2010. The plaintiff failed to file his response until January 3, 2010. Nonetheless, the magistrate judge took this response into account when he adjudicated the motion, and this Court will do the same. The plaintiff's single-paragraph response addresses the timeliness issue in one sentence: "My claim was not filed untimely." Resp. at 2. The remainder of the paragraph addresses the defendant's failure to state a claim argument.

The magistrate judge summarized the governing law requiring a plaintiff to file his complaint within 90 days of receiving a right-to-sue letter and applying this rule strictly, even to *pro se* litigants. *See, e.g.*, *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (per curiam); *Lomar v. Sears, Roebuck & Co.*, 238 F.3d 422 (table), 2000 WL 1888715, at *6 (6th Cir. Dec. 19, 2000)). In concluding that dismissal was appropriate, the magistrate judge found that the plaintiff

failed to present any grounds supporting equitable tolling, estoppel, or waiver, and the magistrate judge could find no principled ground to allow the case to proceed.

In the plaintiff's motion to set aside the report and recommendation filed on July 12, 2011, he argues that his complaint was not filed untimely because "[t]here were two federal holidays that fell within the 90 day period." Mot. to Set Aside at 1. He asks the Court to continue with the proceedings in this case.

The argument presented to the Court was not presented to the magistrate judge.

## II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the Magistrate Judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Courts generally will not consider arguments on review that were not raised before the magistrate judge. As the Sixth Circuit has explained in a similar circumstance:

> Petitioner did not raise this [new] claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421,

-3-

1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F.Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrate Judges Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds, United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

The plaintiff does not object to the magistrate judge's finding that he was required to file his complaint within 90 days from the date he received his right to sue letter. Therefore, the Court will adopt this portion of the report and recommendation. The plaintiff also failed to present his present argument on the computation of the 90-day period to the magistrate judge. However, *pro se* litigants are given greater latitude than parties represented by trained lawyers, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), so the Court will address the merits of the plaintiff's argument.

The plaintiff's objections challenge the manner of calculating the 90-day filing period. The governing procedural rule for computing time is Federal Rule of Civil Procedure 6, which states:

> When a period is stated in days or a longer unit of time, [the Court must] count every day, including intermediate Saturdays, Sundays, and legal holidays; and . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).  Under the plain language of this rule, the Court must count as part of the 90 days the legal holidays that do not fall on the last day of the filing period, including Columbus Day and Labor Day, the two pointed out by the plaintiff.  This rule has been in effect at least since the 2009 amendments, if not earlier.  *See* Fed. R. Civ. P. 6 cmt. to 2009 amends., subdivision (a)(1) (noting that legal holidays were excluded from periods of less than 11 days, but not from periods of more than 90 days).  The plaintiff's objections state grounds that directly conflict with the plain language of the governing rule and lack merit.

The Sixth Circuit has held that the 90-day filing period is not a jurisdictional requirement and the Court may apply the doctrine of equitable tolling.  *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (quoting *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1095 (6th Cir. 1996)).  In order to benefit from equitable tolling, the plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009).  The Sixth Circuit has instructed that courts should consider the following factors when deciding whether to apply equitable tolling in a given case: "(1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."  *Chavez v. Carranza*, 559 F.3d 486, 492 (6th Cir. 2009) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).  Although equitable tolling is available in theory, the plaintiff has made no showing on any of the factors to demonstrate his diligence and entitlement to this

special remedy.  Therefore, the Court must find that the plaintiff has not commenced the present lawsuit in a timely manner, as the defendant argues.

### III.

The Court finds that the magistrate judge's determination of the issues in the defendant's motion was correct.  Therefore, the Court will adopt the report and recommendation, deny the plaintiff's objections as presented in his motion to set aside the report and recommendation, grant the defendant's motion to dismiss, and dismiss the plaintiff's complaint.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #11] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion to set aside the report and recommendation [dkt. #12] is **DENIED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. # 7] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint [dkt. #1] is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  July 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 18, 2011.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI